

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Linda Miller<br>2141 Longshore Avenue<br>Philadelphia, PA 19149<br>　　　　　　Plaintiff<br><br>　　　　v.<br><br>Donald P Iannace<br>114 Wilson Road<br>Turnersville, NJ 08012<br>　　　　　And<br><br>Matthew T Symuleski<br>9A Ivy Court<br>Maple Shade, NJ 08052<br>　　　　　And<br><br>Broadway F. Morris<br>56 Kenwood Drive<br>Sicklerville, NJ 08081<br>　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | # 2:18-cv-05649<br><br><br><br><br><br>FILED<br>MAR 0 6 2019<br>KATE BARKMAN, Clerk<br>By_____<br>　　　　Dep. Clerk |

## **AMENDED COMPLAINT**

1.　　Plaintiff, Linda Miller, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.　　Upon information and belief, Defendant, Donald P Iannace, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3.　　Upon information and belief, Defendant, Matthew T Symuleski, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

4.　　Upon information and belief, Defendant, Broadway F. Morris, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

5.　　On or about July 14, 2018, at or about 7:00 p.m., Plaintiff was the owner and operator of a motor vehicle, traveling Westbound on Ben Franklin Bridge, in Philadelphia PA.

6. At or about the same date and time, Defendants' vehicles were involved in a motor vehicle collision with Plaintiff's vehicle.

7. The aforesaid motor vehicle collision was caused by the Defendant, Matthew T. Symuleski negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

8. In the alternative, the aforesaid motor vehicle collision was caused by the Defendant Donald P. Iannace negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Defendant Symuleski's vehicle which in turn rear-ended Plaintiff's vehicle.

9. In the alternative, the aforesaid motor vehicle collision was caused by the Defendant Broadway F. Morris negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Defendant Iannace's vehicle which was in turn pushed into Defendant Symuleski's vehicle which in turn rear-ended Plaintiff's vehicle.

10. In the alternative, the aforesaid motor vehicle collision was caused by the Defendant, Broadway F. Morris failing to apply the brakes in time and/or avoid the motor vehicle collision(s) among plaintiff, Defendant Symulski, and/or Defendant Iannace; thus rear-ending Defendant Iannace's vehicle which was in turn pushed into Defendant Symuleski's vehicle which in turn rear-ended Plaintiff's vehicle again.

11. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendants and not the result of any action or failure to act by Plaintiff.

12. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries including back injuries, as set forth more fully below

## COUNT I
### Linda Miller v. Donald P Iannace
### Personal Injury—Negligence

13. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

14. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

   a. Operating his vehicle into Plaintiff's lane of travel;

   b. Failing to maintain proper distance between vehicles;

   c. Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

   d. Failing to have his vehicle under proper and adequate control;

   e. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

   f. Violation of the "assured clear distance ahead" rule;

   g. Failure to keep a proper lookout;

   h. Being inattentive to his duties as an operator of a motor vehicle;

   i. Disregarding traffic lanes, patterns, and other devices;

   j. Driving at a dangerously high rate of speed for conditions;

   k. Failing to remain continually alert while operating said vehicle;

   l. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    m. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    n. Failing to exercise ordinary care to avoid a rear-ending collision;

    o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    p. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

    q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    r. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

15. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back injuries, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

19. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT II
### Linda Miller v. Matthew T Symuleski
### Personal Injury—Negligence

21. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

22. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

a. Rear-ending Plaintiff's vehicle;

b. Operating his vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

e. Failing to have his vehicle under proper and adequate control;

f. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Being inattentive to his duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a dangerously high rate of speed for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to exercise ordinary care to avoid a rear-end collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

23. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back injuries, all to Plaintiff's great loss and detriment.

24. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which

Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

27. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT III**
**Linda Miller v. Broadway F. Morris**
**Personal Injury—Negligence**

29. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

30. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a. Operating his vehicle into Plaintiff's lane of travel;

    b. Failing to maintain proper distance between vehicles;

    c. Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

d. Failing to have his vehicle under proper and adequate control;

e. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Violation of the "assured clear distance ahead" rule;

g. Failure to keep a proper lookout;

h. Being inattentive to his duties as an operator of a motor vehicle;

i. Disregarding traffic lanes, patterns, and other devices;

j. Driving at a dangerously high rate of speed for conditions;

k. Failing to remain continually alert while operating said vehicle;

l. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

m. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

n. Failing to exercise ordinary care to avoid a rear-end collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      r.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

31.    As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including back injuries, all to Plaintiff's great loss and detriment.

32.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

35.    As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36.    Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or

in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: _____
Jennifer Hoffman, Esquire