UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL C. GONZALEZ,<br>　　　　　　Defendant. | :<br>:<br>:<br>:　　No.　5:19-cv-951<br>:<br>:<br>: |

**INITIAL PROCEDURAL ORDER**
Read this order carefully.
It governs the case and contains rules of practice that must be
followed in addition to this district's Local Rules of Civil Procedure.[1]

**1.　Counsel's Obligation to Serve This Order on All Other Parties**

　　Counsel for Plaintiff[s] must serve this order on every party to this case immediately after the party's first appearance, *unless this case was removed from state court*, in which case this responsibility falls on counsel for the party who removed the case.

**2.　Mandatory Conference That Must Be Held Before *Any* Motion is Filed**

　　Before *any* motion is filed—including motions under Federal Rule of Civil Procedure 12 and 56—counsel must contact opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution of it.[2] This conference must take place at least **five (5) days** before the motion is filed. If the parties are unable to resolve the issue without a motion, then the moving party must state in the motion the date this conference took place and certify that the parties were unable to resolve this issue during that conference. If opposing counsel does not oppose the motion, the moving party must so state in the motion.

　　The only exceptions to this conference requirement are:

　　(a)　Discovery motions, which are addressed separately in section 4 of this order;
　　(b)　Applications for temporary restraining orders; and
　　(c)　The narrow category of cases that are exempt from ordinary case management and scheduling procedures under Local Rule of Civil Procedure 16.2.

---

[1]　*See* Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules.").
[2]　With respect to motions to dismiss under Rule 12(b)(6) in particular, the Court intends for this conference to afford a defendant an opportunity to point out any perceived flaws in a plaintiff's pleading that are susceptible to being cured through an amendment, eliminating the burden of preparing a formal motion for that purpose.

3. **Requests to File Documents Under Seal**

The Undersigned has adopted a specific procedure that must be followed to obtain permission to file a document partially or fully under seal, which can be found in section II(F)(10) of the Undersigned's Policies and Procedures.

4. **Defendant Required to Refile Answer in Removed Actions**

If the action has been removed from state court after the filing of an Answer in state court, Defendant must refile the Answer in this Court with the above-cited caption. *See* Fed. R. Civ. P. 81(c)(2) (stating that "repleading is unnecessary *unless the court orders it*" (emphasis added)).

5. **Discovery**

   (a) Discovery to Commence: Discovery shall begin as soon as possible and shall not be delayed pending the scheduling of the Initial Rule 16 Pretrial Conference. Discovery is to be well underway by the date of the initial pretrial conference.

   (b) Discovery Disputes: No motions related to discovery—including motions related to subpoenas served under Federal Rule of Civil Procedure 45—may be filed without the Court's permission. The Undersigned has adopted a specific procedure that must be followed to raise any discovery disputes, which can be found in section II(B) of the Undersigned's Policies and Procedures.[3]

6. **All Other Matters**

For all other matters, counsel are to refer to any scheduling orders issued in this case and the Undersigned's Policies and Procedures, which all counsel are required to comply with fully.[4]

So ordered, this 8th day of March, 2019.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] *See* Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment (recognizing that district courts have the authority to "direct that before filing a motion for an order relating to discovery the movant must request a conference with the court" and that "[m]any judges who hold such conferences find them an efficient way to resolve most discovery disputes without the delay and burdens attending a formal motion").

[4] https://www.paed.uscourts.gov/documents/procedures/leepol.pdf